# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

DARYL A. HESS,                         )
                                       )
                    Petitioner,        )
                                       )
v.                                     )          Case No. 10-CV-0517-CVE-FHM
                                       )
ANITA TRAMMELL, Warden,[1]             )
                                       )
                    Respondent.        )

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner Daryl

Alan Hess, a state inmate appearing pro se.  Respondent filed a response (Dkt. # 8) and provided the

state court records (Dkt. ## 8, 9, 10, and 21) necessary for adjudication of Petitioner's claims.

Respondent also filed a supplemental response (Dkt. # 25). Petitioner filed a reply to Respondent's

response (Dkt. # 17), a supplemental reply (Dkt. # 28), and a supplement advising of additional

filings in state court (Dkt. # 36). For the reasons discussed below, the Court finds the petition for

writ of habeas corpus shall be denied.

### BACKGROUND

On March 8, 2007, Michael King, a part owner of a Sonic Drive-In restaurant located in

Tulsa, Oklahoma, was robbed at about 1:00 a.m., as he was closing the restaurant.  He was alone and

was confronted by two men, one of whom was armed with a metal club with a rounded end, similar

---

[1]Under Rule 2(a), Rules Governing Section 2254 Cases, the proper party respondent is the
state officer having custody of the petitioner.  Petitioner is currently in custody at the Oklahoma
State Penitentiary (OSP).  Therefore, the state officer having custody of Petitioner is Anita
Trammell, Warden at OSP.  The Clerk of Court shall be directed to substitute Anita Trammell,
Warden, in place of David C. Miller, Warden, as party respondent.

to a tire tool.  After King dropped bags containing the restaurant's deposits, the robbers bound King's hands and ankles with duct tape. The men took $2,300 cash, King's keys and cell phone. When presented with a photo line-up a few days after the robbery, King identified Petitioner Daryl Hess as the man who robbed him while armed with a metal club, and Joshua Hamilton as the second unarmed man who bound him with duct tape. The two men ran away from the scene of the robbery to a car driven by Jessica Solomon.  Solomon testified that she had agreed to assist Petitioner and Hamilton with the robbery.

Based on those events, Petitioner was charged by Information filed in Tulsa County District Court, Case No. CF-2007-2646, with Robbery With a Dangerous Weapon, After Former Conviction of Two or More Felonies.[2]  At the conclusion of the first stage of trial, held October 7-9, 2008, a jury found Petitioner to be guilty as charged. A second stage sentencing trial followed. The jury found Petitioner was guilty after former conviction of two or more felonies and recommended a sentence of thirty-three (33) years imprisonment. On October 20, 2008, the trial judge sentenced Petitioner in accordance with the jury's recommendation, and ordered the sentence to run consecutively to sentences entered in Tulsa County District Court, Case No. CF-2007-2643.  At trial, Petitioner was represented by attorney Brian Martin.

---

[2]Joshua Hamilton, Petitioner's co-defendant, was also charged with Robbery With a Dangerous Weapon.  On March 12, 2008, Hamilton entered a plea of guilty.  He was sentenced on that date to twelve (12) years imprisonment to run concurrently with sentences entered in Rogers and Wagoner County District Courts, and in Tulsa County District Court, Case No. CF-2007-3232.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Ricki J. Walterscheid, Petitioner raised a single proposition of error:

Proposition:   The trial court erred in ruling that the presentation of Appellant's physical being for the sole purpose of entering into evidence his height and weight would be testimonial in nature, even if Mr. Hess said nothing, making him subject to full cross-examination.

(Dkt. # 8-2, Ex. 2). On March 29, 2010, in Case No. F-2008-1022, the OCCA entered its unpublished summary opinion affirming the Judgment and Sentence of the district court. See Dkt. # 8-4, Ex. 4.

On April 19, 2010, Petitioner filed an application for post-conviction relief in the state district court. See Dkt. ## 8-5 and 8-6, Exs. 5a and 5b. Petitioner raised three (3) propositions of error. See id.  By order filed May 24, 2010, the state district judge denied the request for post-conviction relief. See Dkt. # 8-8, Ex. 7. Petitioner appealed. On June 10, 2010, in Case No. PC-2010-518, the OCCA affirmed the denial of post-conviction relief. See Dkt. # 8-10, Ex. 9.

Petitioner commenced the instant habeas corpus action by filing his petition on August 11, 2010.  See Dkt. # 1.  He identifies the following five (5) grounds of error:

Ground 1:   Violation of Const. Amends. 5th, 6th, & 14th. Petitioner attempted to enter his physical being as evidence at trial. The trial court ruled that this would be testimonial in natur [sic] and Petitioner would have to take the stand, making him subject to full cross-examination.

Ground 2:   Violation of U.S. Const. Amends. 6, 14, 8.  Defense counsel was ineffective for failing to investigate, obtain and utilize evidence available prior to trial.

Ground 3:   Violation of U.S. Const. Amend. 6, 8, 14; Okla. Const. Art. II, § 20. Petitioner filed a pro se motion to withdraw defense counsel, citing issues raised in ground two of this petition, the court refused to hear motion.

3

Ground 4: Violation of U.S. Const. Amends. 6, 8, & 14.  The court erred in overruling the demurrer by the defense at trial, defense counsel was ineffective for failing to properly argue the merits of the demurrer. The prosecution is guilty of prosecutorial misconduct for placing Micheal [sic] King on the stand as a witness, knowing full well he was going to lie and give perjurous [sic] testimony.

Ground 5: Violation of U.S. Const. Amends. 5, 6, 8, 14, Okla. Const. Art. II, §§ 7, 9, 19, 20. Should this court find none of the above grounds, standing alone, warrant relief, Petitioner requests that this Court consider the cumulative effect of those errors. These errors, taken together, deprived petitioner of a fair trial and reliable sentencing.

(Dkt. # 1). In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief on ground 1 under 28 U.S.C. § 2254(d), and grounds 2-5 are procedurally barred and also meritless. See Dkt. # 8.

## *ANALYSIS*

### A.  Exhaustion

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Petitioner raised ground 1 on direct appeal. Grounds 2-4 were first raised in Petitioner's post-conviction proceeding. He explains his failure to raise each of those claims on direct appeal by alleging that appellate counsel was aware of the claims and failed to raise them. See Dkt. # 1. Ground 5 had not been presented to the state courts when he filed his habeas corpus petition.[3] As to that allegation of error,

---

[3]On April 23, 2013, Petitioner filed a supplement (Dkt. # 36) advising of additional filings in state court. He provides a copy of a second application for post-conviction relief to be filed in state court. See id. In that application, Petitioner alleges that he was denied the right to present an alibi witness due to ineffective assistance of counsel, that his claim is based on newly discovered evidence, and that the cumulative effect of all errors deprived him of a fair trial. The docket sheet for Tulsa County District Court, Case No. CF-2007-4626, confirms that on April 24, 2013, Petitioner filed a second application for post-conviction relief. See www.oscn.net.  By order signed June 14, 2013, the state court judge denied the application.

Petitioner writes "ground five, cumulative effect, appellate counsel failed to raise it on direct appeal and it wasn't applicable on a post-conviction petition." Id. Based on that record, the Court finds Petitioner satisfied the exhaustion requirement for grounds 1-4 before filing his habeas petition. Furthermore, in light of the procedural posture of this case, the Court finds an absence of available State corrective process for ground 5, see 28 U.S.C. § 2254(b)(1)(B), and that claim is not barred by the exhaustion requirement.

## B.  Evidentiary hearing

The Court finds that an evidentiary hearing is not warranted as Petitioner has not met his burden of proving entitlement to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

## C.  Claims adjudicated by the OCCA

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).

In this case, the OCCA adjudicated Petitioner's ground 1 on direct appeal and Petitioner's post-conviction claims of ineffective assistance of trial and appellate counsel on post-conviction appeal.[4] Insofar as Petitioner claims violations of the United States Constitution, those claims will be reviewed pursuant to § 2254(d). To the extent Petitioner also claims violations of the Oklahoma Constitution or other Oklahoma law, those claims are denied because they are not cognizable on federal habeas corpus review.  A federal habeas court has no authority to review a state court's interpretation or application of its own state laws.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (emphasizing that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions). Instead, when conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id. at 68 (citing 28 U.S.C. § 2241; Rose v. Hodges, 423 U.S. 19, 21 (1975)).

**1.  Claim adjudicated on direct appeal**

As his first ground of error, Petitioner asserts that the trial court erred in ruling that the presentation of his physical being would be testimonial in nature, making him subject to cross-examination.  See Dkt. # 1.  In adjudicating this claim on direct appeal, the OCCA ruled as follows:

> The cases cited by Hess -- to support his position that the trial court erred in holding that he would waive his privilege against self-incrimination by standing in front of the jury to present his height and weight -- are persuasive.  Under the circumstances of this case, however, the Court need not decide the issue because error, if any, was harmless beyond a reasonable doubt and did not affect the verdict.
> What makes Hess's case different from those he cites is the State's case against him did not rest solely on the victim's identification. Hess's co-defendants testified against him and corroborated the testimony of the victim. Nor did the victim

---

[4]Respondent argues that, with the exception of Petitioner's claims of ineffective assistance of appellate counsel, the OCCA imposed a procedural bar on Petitioner's post-conviction claims. See Dkt. # 8 at 12-13.  However, the OCCA denied Petitioner's claims of ineffective assistance of both trial and appellate counsel on the merits. See Dkt. # 8-10, Ex. 9.

rely solely on height and weight to identify Hess. The victim testified that the robber he later identified as Hess had marks near his eye and on his neck; these marks correspond with tattoos on Hess. Moreover, Hess's height and weight were discussed during closing argument, without objection, and defense counsel emphasized to the jury that Hess's actual height and weight differed from the victim's description. Error, if any, from precluding Hess's presentation of his measurements under these circumstances is harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).

(Dkt. # 8-4, Ex. 4 (footnote omitted)).

Thus, citing Chapman v. California, 386 U.S. 18, 24 (1967), for the applicable standard, the OCCA determined that any error in the trial judge's ruling concerning Petitioner's request to present his height and weight to the jury was harmless given the weight of the evidence against Petitioner coupled with defense counsel's closing argument emphasizing the differences between the victim's description of the robber and Petitioner's actual height and weight. Having carefully reviewed the record, this Court agrees. The appropriate harmless error standard to be applied on habeas review is found in Brecht v. Abrahamson, 507 U.S. 619, 638 (1993). See Herrera v. Lemaster, 301 F.3d 1192, 1199 (10th Cir. 2002). That standard "requires reversal only if [the error] had substantial and injurious effect or influence in determining the jury's verdict." Brecht, 507 U.S. at 631 (quotation omitted). "[E]rrors which do not contribute to the verdict should not be reversed unless their effect is fundamentally unfair." United States v. Turrietta, 696 F.3d 972, 984 (10th Cir. 2012) (citing Rose v. Clark, 478 U.S. 570, 579 (1986)). Thus, Petitioner's burden is to show that his trial was rendered fundamentally unfair by the trial court's denial of his request to present his height and weight to the jury. He has failed to satisfy that burden.

The Court finds that the trial judge's ruling did not have a substantial and injurious effect in determining the jury's verdict. Significantly, as noted by the OCCA, defense counsel discussed in detail during his closing argument the differences between Petitioner's actual physical characteristics, including his height, weight, and obvious tattoos, and the victim's description of the robber's physical characteristics. See Dkt. # 10-3, Tr. Trans. Vol. III at 463-64. Thus, the jury was well aware of the physical discrepancies emphasized by Petitioner. Furthermore, the jury heard Solomon's testimony identifying Petitioner as one of the robbers. See Dkt. # 10-2, Tr. Trans. Vol. II at 239-41, 246-47. Also, Hamilton's "Findings of Fact/Acceptance of Plea," wherein he admitted that "on or about 3-8-07, in Tulsa County, I assisted Darryl [sic] Hess in the robbery of Michael King," see Dkt. # 10-6 at 4, was admitted into evidence and was before the jury. In light of that evidence supporting King's identification of Petitioner as the man who robbed him while armed with a tire tool, any error in the trial judge's ruling was harmless. Therefore, under the facts of this case, Petitioner has not shown that the purported error by the trial judge in denying his request to present to the jury his physical being as evidence of his physical characteristics had a substantial and injurious effect or influence in determining the jury's verdict or deprived Petitioner of his fundamental right to a fair trial. Petitioner is not entitled to habeas corpus relief on this claim.

**2.  Claims adjudicated on post-conviction appeal**

The OCCA adjudicated Petitioner's claims of ineffective assistance of trial and appellate counsel as raised on post-conviction appeal. Specifically, the OCCA cited Strickland v. Washington, 466 U.S. 668 (1984), and found that "Petitioner has not established trial or appellate counsel's performance was deficient or that the result of his trial and appeal was not reliable and fair." See Dkt. # 8-10, Ex. 9. The Court shall assess whether Petitioner is entitled to habeas corpus relief on

8

his claims of ineffective assistance of trial and appellate counsel, as raised in his post-conviction proceedings.

To be entitled to habeas corpus relief on his claim of ineffective assistance of trial counsel, Petitioner must demonstrate that the OCCA's adjudication was an unreasonable application of Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 131 S. Ct. 770, 792 (2011). This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential." Cullen v. Pinholster, 131 S. Ct.

1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under <u>Strickland</u> and through the "deferential" lens of § 2254(d)).

Petitioner also claims that appellate counsel provided ineffective assistance in failing to raise his post-conviction claims on direct appeal. As cited above, the OCCA affirmed the district court's denial of post-conviction relief, concluding that Petitioner had failed to establish that appellate counsel's performance was deficient or that the result of his appeal was not reliable and fair. However, the OCCA, citing <u>Strickland</u>, 266 U.S. at 687, also stated that "[t]he fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance, or to preclude enforcement of a procedural default." <u>See</u> Dkt. # 8-10, Ex. 9.  The OCCA's statement regarding appellate counsel's failure "to recognize or raise a claim, regardless of merit" deviates from the controlling federal standard. <u>Cargle v. Mullin</u>, 317 F.3d 1196, 1202-05 (10th Cir. 2003) (explaining that (1) the merit of the omitted claim is the focus of the appellate ineffectiveness inquiry, (2) omission of a sufficiently meritorious claim can, in itself, establish ineffective assistance, and, thus, (3) the state court's rejection of an appellate ineffectiveness claim on the basis of the legal premise invoked here is wrong as a matter of federal constitutional law); <u>see</u> <u>also</u> <u>Malicoat v. Mullin</u>, 426 F.3d 1241, 1248 (10th Cir. 2005) (following <u>Cargle</u>). Because the OCCA's analysis of Petitioner's allegations of ineffective assistance of appellate counsel deviated from the controlling federal standard, it is not entitled to deference on habeas review. <u>Cargle</u>, 317 F.3d at 1205; <u>see</u> <u>also</u> <u>Malicoat</u>, 426 F.3d at 1248.  Therefore, the Court will analyze Petitioner's claims of ineffective assistance of appellate counsel <u>de</u> <u>novo</u>.

When assessing claims of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for general claims of ineffective assistance of trial counsel. See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995), abrogated on other grounds by Neill v. Gibson, 278 F.3d 1044 (10th Cir. 2001). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). "If the omitted issue is so plainly meritorious that it would have been unreasonable to winnow it out even from an otherwise strong appeal, its omission may directly establish deficient performance; if the omitted issue has merit but is not so compelling, the case for deficient performance is more complicated, requiring an assessment of the issue relative to the rest of the appeal, and deferential consideration must be given to any professional judgment involved in its omission; of course, if the issue is meritless, its omission will not constitute deficient performance." Cargle, 317 F.3d at 1202 (citation and footnote omitted); see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93).

In his habeas petition, Petitioner claims that: (1) trial counsel was ineffective for failing to investigate, obtain, and utilize available evidence for trial (ground 2); (2) the trial court erred in failing to hear his pro se motion to withdraw his trial counsel prior to trial (ground 3); (3) the trial court erred in overruling his demurrer to the State's evidence and trial counsel failed to argue the demurrer properly (ground 4); and (4) appellate counsel was ineffective in failing to raise his post-conviction claims on direct appeal. The Court shall use the applicable standards to analyze Petitioner's claims of ineffective assistance of trial and appellate counsel.

11

### a.  Ineffective assistance of trial counsel (grounds 2 and 4)

In his second proposition of error, Petitioner alleges that trial counsel provided ineffective assistance of counsel. Specifically, he complains that trial counsel failed to investigate, obtain, and utilize exculpatory evidence available prior to trial.  This claim of ineffective assistance of trial counsel fails under the doubly differential standards of 28 U.S.C. § 2254(d) and Strickland. Pinholster, 131 S. Ct. at 1403.  Petitioner complains that both Solomon and Hamilton lied when they testified against him as witnesses for the State.  See Dkt. # 1, attached supporting brief at 12. He also claims that the robbery victim, Michael King, committed perjury during his testimony. Id. Another complaint is that his attorney, Brian Martin, was "friends" with the victim of a robbery charged in a different case, Tulsa County District Court, Case No. CF-2007-2643.  In that case, Petitioner was charged with Robbery With a Firearm. One of the victims, Shelby Cowan, had worked as a bailiff for various Tulsa County judges. Petitioner, represented by attorney Martin, filed a motion to withdraw counsel which was denied by the trial judge.  Petitioner alleges that he had a "volatile relationship" with attorney Martin in Case No. CF-2007-2643 which "weighed into this case." Id. at 13-14. In addition, Petitioner offers a lengthy description of potential evidence and witnesses supporting his claim of innocence. Id. at 14-42.

Petitioner has failed to satisfy either prong of the Strickland standard with regard to his ground 2 claims. Petitioner's allegations concerning defense counsel's investigation and knowledge of the case are based, in large part, on speculation. Furthermore, he fails to acknowledge the strength of the State's evidence against him. Defense counsel presented Petitioner's defense of mistaken identity through cross-examination of witnesses. The Court recognizes that Petitioner also identifies other people who could have been involved in this robbery and alleges that his attorney provided

ineffective assistance in failing to investigate their involvement.  However, in light of the testimonial evidence presented at trial, it was not an objectively unreasonable strategic decision by trial counsel to forego presenting Petitioner's list of potential witnesses.  Boyle v. McKune, 544 F.3d 1132, 1139 (10th Cir. 2008) ("[T]he decision of which witnesses to call is quintessentially a matter of strategy."); Boyd v. Ward, 179 F.3d 904, 915 (10th Cir. 1999) (describing decisions regarding impeaching witnesses and introducing evidence as matters of "trial strategy and tactics"); see also Strickland, 466 U.S. at 699.

In ground 4, Petitioner alleges that trial counsel "was ineffective for failing to properly argue the merits of the demurrer," contributing to the trial judge's erroneous denial of the demurrer.  See Dkt. # 1.  In his attached supporting brief, Petitioner argues at length concerning contradictory statements made by the victim, Michael King, and characterizes King's testimony as perjured.  Id., attached supporting brief at 43-49. Upon review of the record, the Court finds that, while inconsistencies in King's testimony may have gone to his credibility, nothing suggests that King committed perjury or that the State knowingly presented perjured testimony, as alleged by Petitioner. Petitioner's challenge to the trial judge's denial of defense counsel's demurrer lacks merit. Petitioner has failed to demonstrate a reasonable probability that the outcome of his trial would have been different had trial counsel argued the merits of the demurrer differently.  Therefore, he has failed to satisfy the prejudice prong of Strickland.

In summary, Petitioner has failed to demonstrate that he is entitled to habeas corpus relief on his claims of ineffective assistance of trial counsel, as identified in grounds 2 and 4.  In light of the strong evidence of Petitioner's guilt, Petitioner has failed to demonstrate a reasonable probability that the result of his trial would have been different, even if trial counsel performed deficiently in

13

failing either to investigate or to argue the merits of the demurrer differently, as alleged by Petitioner. Therefore, Petitioner has not shown that the OCCA's adjudication of his claims of ineffective assistance of trial counsel was an unreasonable application of <u>Strickland</u>. 28 U.S.C. § 2254(d). He is not entitled to habeas corpus relief on this claim.

### b. Ineffective assistance of appellate counsel

#### i. Failure to raise ineffective assistance of trial counsel (ground 2)

The Court has determined above that, under 28 U.S.C. § 2254(d), Petitioner is not entitled to habeas relief on his claim of ineffective assistance of trial counsel, as raised in ground 2, because the claim lacks merit. Therefore, appellate counsel did not provide ineffective assistance in failing to raise the claim on direct appeal. <u>Smith v. Workman</u>, 550 F.3d 1258, 1268 (10th Cir. 2008) (stating that "[w]hile counsel should not omit plainly meritorious claims, counsel need not raise meritless issues").

#### ii. Failure to challenge lack of ruling on motion to withdraw attorney and to proceed <u>pro se</u> (ground 3)

Petitioner also complains that appellate counsel provided ineffective assistance in failing to raise a claim based on the trial judge's failure to rule on his <u>pro se</u> motion to withdraw his attorney and to proceed <u>pro se</u> (ground 3). Upon <u>de novo</u> review, Petitioner's claim of ineffective assistance of appellate counsel fails because Petitioner cannot satisfy the prejudice prong of the <u>Strickland</u> standard for this claim.

The Supreme Court has unequivocally held that the Sixth Amendment "grants to the accused personally the right to make his defense." <u>Faretta v. California</u>, 422 U.S. 806, 819 (1975); <u>see</u> <u>also</u> <u>United States v. Mackovich</u>, 209 F.3d 1227, 1236 (10th Cir. 2000) ("A criminal defendant has a constitutional and a statutory right to self-representation."). To invoke the right, a criminal defendant

14

must (1) " 'clearly and unequivocally' assert his intention to represent himself," (2) "make this assertion in a timely fashion," and (3) " 'knowingly and intelligently' relinquish the benefits of representation by counsel." <u>Mackovich</u>, 209 F.3d at 1236 (citations omitted). Further, the right to self-representation is not absolute. <u>United States v. Akers</u>, 215 F.3d 1089, 1097 (10th Cir. 2000). In certain instances, "a court may terminate the right to self-representation, or the defendant may waive it, even after he has unequivocally asserted it." <u>Munkus v. Furlong</u>, 170 F.3d 980, 984 (10th Cir. 1999) (citation omitted).

The record reflects that on July 22, 2008, Petitioner filed a "motion to disqualify the Tulsa County judicial system" and a "motion to withdraw court appointed council [sic] and enter myself as attorney of record." <u>See</u> Dkt. # 10-8, O.R. at 154-55. Nothing in the record reflects a ruling on those motions. However, when Petitioner proceeded to trial on October 7, 2008, he did not reurge the motions nor did he in any way express dissatisfaction with his trial counsel, Brian Martin. Under the facts of this case, the Court finds that appellate counsel did not provide ineffective assistance in omitting a claim regarding the trial judge's failure to enter a ruling on Petitioner's <u>pro se</u> motions to withdraw counsel and to proceed <u>pro se</u>. Given the chronology of events in Petitioner's various

criminal matters in Tulsa County District Court,[5] the Court finds Petitioner has failed to demonstrate

a reasonable probability that the result of his appeal would have been different had appellate counsel

raised this claim on direct appeal.  Strickland, 466 U.S. at 694.  In sum, because the omitted issue

based on the lack of a ruling by the trial judge is meritless, appellate counsel did not provide

ineffective assistance with regard to the claim.  Cargle, 317 F.3d at 1202 (citation and footnote

omitted); see also Parker, 148 F.3d at 1221.

### iii.  Failure to challenge denial of demurrer (ground 4)

As his fourth proposition of error, Petitioner alleges that the trial judge erred in failing to

grant the demurrer lodged by defense counsel at the conclusion of the State's case, that defense

counsel failed to "properly argue" the merits of the demurrer, and that appellate counsel provided

ineffective assistance in failing to raise these claims on direct appeal. The Court has determined

---

[5]The Court takes judicial notice that Petitioner had at least three (3) criminal cases pending in Tulsa County District Court at the same time: Case Nos. CF-2007-2334, CF-2007-2643, and CF-2007-2646. In addition, Petitioner filed three (3) habeas corpus petitions in this Court corresponding to his three state court cases.  Petitioner's federal cases are N.D. Okla. Case Nos. 10-CV-462-CVE-FHM, 10-CV-517-CVE-FHM, and 10-CV-435-GKF-TLW. The docket sheets for Petitioner's state court cases, viewed at www.oscn.net, reflect that on July 22, 2008, Petitioner filed his "motion to disqualify the Tulsa County judicial system" and "motion to withdraw court appointed council [sic] and enter myself as attorney of record" in all three of his criminal cases.  In Case No. CF-2007-2334, Petitioner and his attorney, Brian Martin, appeared before District Judge Dana Kuehn on July 29, 2008. At that hearing, Petitioner withdrew his motion to withdraw counsel. See www.oscn.net. In Case No. CF-2007-2643, Petitioner proceeded to jury trial on September 22, 2008, before Judge Rebecca Nightingale. In that case, Judge Nightingale made a record regarding Petitioner's motion to withdraw counsel. See Dkt. # 20, attached "Ex. 18." Mr. Martin advised Judge Nightingale that Petitioner had withdrawn his motion to withdraw counsel before Judge Kuehn. Id. Judge Nightingale proceeded to deny Petitioner's motion to withdraw counsel and expressed her concerns regarding Petitioner's ability to represent himself. In Case No. CF-2007-2646, the conviction challenged in the instant habeas petition, Petitioner's jury trial commenced on October 7, 2008, before Judge Kuehn. Given the resolution of the motions in Petitioner's other two cases, it is not surprising that neither Petitioner nor Mr. Martin mentioned the motion to withdraw counsel, nor did Petitioner voice dissatisfaction with Mr. Martin's representation during his trial in Case No. CF-2007-2646.

above that Petitioner's challenge to the trial judge's denial of defense counsel's demurrer lacks merit. In addition, the Court found that, under 28 U.S.C. § 2254(d), Petitioner is not entitled to habeas relief on his claim of ineffective assistance of trial counsel, as raised in ground 4, because the claim lacks merit. Therefore, appellate counsel did not provide ineffective assistance in failing to raise these meritless claims on direct appeal. Smith, 550 F.3d at 1268.

**D. Procedural bar (grounds 3, 4, and 5)**

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority' of cases." Id. at 986 (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural default to these facts, the Court concludes that Petitioner's grounds 3, 4, and 5 are procedurally barred from this Court's review. In resolving Petitioner's claims on post-conviction appeal, the OCCA did not specifically cite to a state procedural default for the denial of relief on Petitioner's post-conviction claims. However, this Court does not have good reason to question whether there is an independent and adequate state law ground for the OCCA's affirmance of the state district court's denial of post-conviction relief. See

Coleman v. Thompson, 501 U.S. 722, 739-40. The state district court clearly applied a procedural bar based on independent and adequate state law grounds to deny relief on Petitioner's post-conviction claims, other than his claims of ineffective assistance of counsel. See Dkt. # 8-8, Ex. 7. The OCCA affirmed that ruling. See Dkt. # 8-10, Ex. 9. Therefore, Petitioner's claims raised in his post-conviction proceeding, other than his claims of ineffective assistance of trial and appellate counsel, are procedurally barred from federal habeas corpus review. In addition, ground 5 is subject to an anticipatory procedural bar.[6]

As a result, the Court finds that habeas corpus relief on those grounds shall be denied as procedurally barred unless Petitioner demonstrates "cause and prejudice" or a "fundamental miscarriage of justice" to excuse his procedural default of the claims. Coleman, 501 U.S. at 750; Maes, 46 F.3d at 985. To demonstrate "cause," a petitioner is required to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. A petitioner is additionally required to establish prejudice, which requires showing "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). The alternative is proof of a "fundamental miscarriage of justice," which requires a petitioner to demonstrate that he is "actually innocent" of the crime for which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

---

[6]An "anticipatory procedural bar" may be applied to deny an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it. Anderson v. Sirmons, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007).

Petitioner argues ineffective assistance of appellate counsel as "cause" for his failure to raise on direct appeal his defaulted claims raised on grounds 3 and 4. See Dkt. ## 1, 17. The Court addressed Petitioner's ineffective assistance of appellate counsel claims in Part C(2)(b), above, and found the claims to be without merit. As a result, Petitioner's ineffective assistance of appellate counsel claims cannot serve as "cause" to overcome the procedural bar applicable to those claims. In addition, Petitioner fails to demonstrate "cause" to overcome the procedural bar applicable to the cumulative error claim raised in ground 5.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime . . . [or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does claim that he is actually innocent of the crime for which he was convicted based on his defense of mistaken identity. However, in neither his petition nor his

19

reply does he provide new evidence demonstrating that no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.[7] Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not shown "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims identified in grounds 3, 4, and 5. Coleman, 501 U.S. at 724. He is not entitled to habeas corpus relief on those claims.

## E.      Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack

---

[7]The Court recognizes that Petitioner asserts, in his second application for post-conviction relief presently pending in state court, that he has "newly discovered evidence" supporting his alibi defense. Significantly, no alibi defense was presented at trial. Furthermore, the "newly discovered evidence," a statement provided by Petitioner's sister, may have been recently acquired by Petitioner on March 1, 2013, see Dkt. # 36 at 10, but it is not based on "new discovered evidence." Any alibi, and Petitioner's sister's knowledge of that alibi, existed at the time of the crime and could have been discovered before trial. The Court also notes that the statement provided by Petitioner's sister is undated and was not notarized. See id., attached "Ex. 1" at 16-17.

v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). As to those claims denied on a procedural basis, Petitioner has failed to satisfy the second prong of the required showing, i.e., that the Court's ruling resulting in the denial of the petition on procedural grounds was debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## CONCLUSION

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall **substitute** Anita Trammell, Warden, in place of David C. Miller, Warden, as party respondent.

2. The petition for a writ of habeas corpus (Dkt. #1) is **denied**.

3. A separate judgment shall be entered in this matter.

4. A certificate of appealability is **denied**.

**DATED** this 24th day of June, 2013.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE